Keith M. Aurzada
Michael P. Cooley
Lindsey L. Robin
BRYAN CAVE LEIGHTON PAISNER LLP
2220 Ross Avenue, Suite 3300
Dallas, TX  75201
T: 214.721.8000
F: 214.721.8100

*Counsel for Park County Treasurer*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Vanguard Natural Resources, LLC, et al., | § § § § | Case No. 17-30560 |
| Debtors. | § § | Jointly Administered |
| Vanguard Operating, LLC, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | Adv. Proc. No. 18-03249 |
| Park County Treasurer, Wyoming | § § § § | |
| Defendant. | § | |

## PARK COUNTY TREASURER'S 12(b)(6) MOTION TO DISMISS

The Treasurer for Park County, Wyoming (the "**Defendant**") files this motion (the "**Motion**") under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the Improper Plan Distribution Claim under 11 U.S.C. § 549(a) (the "**549(a) Claim**") and the remedies provided by 11 U.S.C. § 550 (the "**550 Claim**") brought by the reorganized debtor Vanguard Operating, LLC (the "**Reorganized Debtor**") in its Complaint against Defendant [Docket No. 1] (the "**Complaint**"). In support of this Motion, the Defendant would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. Defendant believes this Court has subject matter jurisdiction for the purposes of this Motion. However, should the Court grant this Motion, it is Defendant's position that this Court will no longer have subject matter jurisdiction over the remaining claims.

## BACKGROUND[1]

2. The debtors in the underlying proceeding, including the Reorganized Debtor (the "**Debtors**"), filed voluntary petitions under chapter 11 on February 1, 2017 (the "**Petition Date**").

3. The date for governmental units to file claims was July 31, 2017 (the "**Government Bar Date**").

4. Debtors filed their Modified Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code [Docket No. 1096] (the "**Plan**") on July 17, 2017. The Court confirmed the Plan the following day, and the Plan became effective on August 1, 2017 (the "**Effective Date**").

5. Article IV, Section E of the Plan provides that "on the Effective Date, all property in each Estate, all Causes of Action, and any property acquired by any of the Debtors pursuant to the Plan shall vest in each applicable Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances…on and after the Effective Date, *each of the Reorganized Debtors may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Equity Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules*." (emphasis added)

6. The Reorganized Debtor paid the 2017 taxes on November 10, 2017 (the "**Tax Payment**") after the Effective Date.

7. The Reorganized Debtor brought this suit against the Treasurer of Park County seeking to recover the Tax Payment.

## LEGAL STANDARDS

8. A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the

---

[1] For purposes of this Motion, the facts alleged in the Complaint are taken as true. Defendant reserves its rights to dispute such facts in the future.

plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

9. While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679.

10. In ruling on such a motion, the court generally cannot look beyond the pleadings. *Iqbal,* 556 U.S. at 679*; Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include both the complaint and any documents attached thereto or referenced therein. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Therefore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff s] claims." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)).

11. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *See R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

12. As discussed more fully below, after discounting the Reorganized Debtor's conclusory allegations and legal conclusions, the allegations in the Complaint fail to state a plausible 549(a) Claim or a plausible 550 Claim against the Defendant, and the claims should be dismissed.

## ARGUMENTS AND AUTHORITIES

**A.    The Reorganized Debtor fails to state a claim under 11 U.S.C. § 549(a)**

13. Bankruptcy Code § 549(a) provides, "the trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the

case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a).

14. To establish an avoidable postpetition transfer, four elements are required under § 549: (i) there must be a transfer, (ii) that occurred without court authorization, (iii) after the commencement of the case, and (iv) the transfer consisted of estate property. 11 U.S.C. § 549; *In re Contractor Tech., Ltd.*, 343 B.R. 573, 576 (Bankr. S.D. Tex. 2006) subsequently aff'd sub nom. *In Matter of Contractor Tech. Ltd.*, 229 Fed. Appx. 294 (5th Cir. 2007). Transfers are defined as "the creation of a lien; the retention of title as a security interest ... disposing of property or an interest in property." 11 U.S.C. § 101(54).

15. The facts alleged in the Complaint do not support a plausible inference that the transfers are avoidable under § 549(a) because the Tax Payment occurred after the Effective Date of the Plan. A transfer is only avoidable under Section 549(a) if the property was part of the bankruptcy estate when the transfer was made. *In re Contractor Tech.*, Ltd., 343 B.R. at 580–81. Section 549 does not apply to transfers made after the confirmation of a plan. *See In re Kenny G. Enterprises, LLC*, 512 B.R. 628, 638 (C.D. Cal. 2014) (transfer "evades § 549" because it occurred post confirmation of a plan). Once a petition is filed, all property that used to be the debtor's property becomes property of the estate. *Id.* at 633. "But after a bankruptcy court confirms a reorganization plan, the property of the estate revests in the debtor, thereby making the property again property of the debtor." *Id.* at 633. "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b).

16. Here, the Reorganized Debtor itself alleges facts that evade a claim under § 549(a). The bankruptcy court confirmed the Plan, and the Plan became effective as of August 1, 2017. The Debtors did not make their Tax Payment to Park County until November 10, 2017, after the confirmation of the Plan. Therefore, the property used to make the Tax Payment was not part of the bankruptcy estate at the time it was made.

### B.     The Reorganized Debtor fails to state a claim under 11 U.S.C. § 550

17. Because the Reorganized Debtor's 549(a) Claims fails, its 550 Claim necessarily fails as well. Section 550 is a remedies statute that allows a debtor to recover a transfer avoided, for example, under Section 549. 11 U.S.C. § 550(a).

18. Because the Reorganized Debtor failed to adequately plead a claim for relief under 11 U.S.C. § 549(a), there can be no preferential transfer to recover under Section 550.  Accordingly, the 550 Claim must be dismissed.

## CONCLUSION & PRAYER

19. As set forth above, the Reorganized Debtor has failed to plead claims that are viable or with the requisite specificity, and has otherwise failed to provide more than labels, conclusions, and a formulaic recitation of the elements for its causes of action under Sections 549(a) and 550. Accordingly, the Defendant respectfully requests this Court dismiss the Reorganized Debtor's claims under Section 549(a) and 550.

Dated:  October 19, 2018.        Respectfully submitted,

By: */s/  Keith M. Aurzada*
Keith M. Aurzada
Michael P. Cooley
Lindsey L. Robin
BRYAN CAVE LEIGHTON PAISNER LLP
2220 Ross Avenue, Suite 3300
Dallas, TX  75201
T: 214.721.8000
F: 214.721.8100
keith.aurzada@bclplaw.com
michael.cooley@bclplaw.com
lindsey.robin@bclplaw.com

*Counsel for Park County Treasurer*

**CERTIFICATE OF CONFERENCE**

I certify that on October 19, 2018, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic filing system.

James T. Grogan
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, TX 77002
T:  713.632.8652
F:  713.583.5864
jgrogan@blankrome.com

*Counsel for Plaintiff Vanguard Operating, LLC*

　　　　　　　　　　　　　　　　　　　　 */s/  Keith M. Aurzada*
　　　　　　　　　　　　　　　　　　　　　　Keith M. Aurzada