Keith M. Aurzada (State Bar No. 24009880)
Michael P. Cooley (State Bar No. 24034388)
Lindsey L. Robin (State Bar No. 24091422)
BRYAN CAVE LEIGHTON PAISNER LLP
2220 Ross Avenue, Suite 3300
Dallas, TX  75201
T: 214.721.8000
F: 214.721.8100

*Counsel for Park County Treasurer*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Vanguard Natural Resources, LLC, et al., | § § § § | Case No. 17-30560 |
| Debtors. | § § | Jointly Administered |
| Vanguard Operating, LLC, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | Adv. Proc. No. 18-03249 |
| Park County Treasurer, Wyoming | § § § § | |
| Defendant. | § § | |

## PARK COUNTY TREASURER'S
## ORIGINAL ANSWER AND COUNTERCLAIM

The Treasurer for Park County, Wyoming (the "**Defendant**") files this its *Original Answer and Counterclaim* in response to the Complaint filed by the reorganized debtor Vanguard Operating, LLC (the "**Plaintiff**") and, in support of thereof, the Defendant would respectfully show the Court as follows:

### THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph. Therefore, Defendant cannot admit or deny such allegations at this time.

2. Defendant admits all allegations of this paragraph.

## JURISDICTION AND VENUE

3. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

4. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

5. Defendant admits that certain of the causes of action asserted by Plaintiff are core proceedings and certain are non-core proceedings. However, to the extent any causes of action are non-core, Defendant consents to the entry of final orders or judgment by this Court.

6. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

7. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

## BASIS FOR RELIEF

8. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

9. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations of this paragraph. Therefore, Defendant cannot admit or deny such allegations at this time.

## FACTUAL BACKGROUND

11. Defendant admits all allegations of this paragraph, as evidenced by the docket for Case No. 17-30560.

12. Defendant admits all allegations of this paragraph, as evidenced by the docket for Case No. 17-30560.

13. Defendant admits all allegations of this paragraph, as evidenced by the docket for Case No. 17-30560.

14. Defendant admits all allegations of this paragraph, as evidenced by the Plan.

15. Defendant denies all allegations of this paragraph.

16. Defendant admits the allegations of this paragraph, as evidenced by the claims register maintained by Prime Clerk LLC.

17. Defendant admits it has not yet filed a proof of claim for 2017 ad valorem taxes.

18. Defendant denies the allegations of this paragraph.

19. Defendant admits that it sent Plaintiff an invoice for ad valorem taxes on or about October 2, 2017. Defendant denies that this invoice violates either the discharge injunction or the Plan Injunction.

20. Defendant admits that Plaintiff paid Defendant $879,873.78 for ad valorem taxes on or about November 13, 2017. Defendant denies that the Reorganized Debtor's obligation for the ad valorem taxes was discharged. Defendant denies that the Post-Petition Transfer was made in error and that the Post-Petition Transfer was not authorized by the Bankruptcy Code or the Court.

## RESERVATION OF RIGHTS

21. Defendant states that no response is required to this paragraph.

## COUNT I: DECLARATION OF IMPROPER PLAN DISTRIBUTION

22. Defendant states that no response is required to this paragraph.

23. Defendant admits all allegations of this paragraph, as evidenced by the Plan.

24. Defendant admits all allegations of this paragraph, as evidenced by the Plan.

25. Defendant admits all allegations of this paragraph, as evidenced by the Plan.

26. Defendant admits all allegations of this paragraph, as evidenced by the Plan.

27. Defendant denies all allegations of this paragraph.

28. Defendant denies all allegations of this paragraph.

29. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

## COUNT II: AVOIDANCE UNDER 11 U.S.C. § 549(a)

30. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

31. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

32. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

33. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

34. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

35. Defendant states that no response is required to this paragraph because Count II was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

## COUNT III: DISGORGEMENT OF IMPROPER PLAN DISTRIBUTION UNDER 11 U.S.C. § 105

36. Defendant states that no response is required to this paragraph.

37. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

38. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

39. Defendant denies all allegations of this paragraph.

40. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

41. Defendant states that the allegations of this paragraph constitute legal conclusions to which no response is required.

## COUNT IV: UNJUST ENRICHMENT

42. Defendant states that no response is required to this paragraph.

43. Defendant denies all allegations of this paragraph.

44. Defendant denies all allegations of this paragraph.

45. Defendant denies all allegations of this paragraph.

46. Defendant denies all allegations of this paragraph.

### COUNT V: RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

47. Defendant states that no response is required to this paragraph because Count V was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

48. Defendant states that no response is required to this paragraph because Count V was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

49. Defendant states that no response is required to this paragraph because Count V was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

50. Defendant states that no response is required to this paragraph because Count V was withdrawn pursuant to the *Stipulation of Withdrawal of Counts II of Plaintiff's Complaint* [Docket No. 11].

### COUNT VI: DISALLOWANCE OF CLAIM 215 UNDER 11 U.S.C. § 502

51. Defendant states that no response is required to this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant states that no response is required to this paragraph.

### PRAYER FOR RELIEF

Defendant states that no response to this paragraph is required:

A. Defendant states that no response to this paragraph is required;

B. Defendant states that no response to this paragraph is required;

C. Defendant states that no response to this paragraph is required;

D. Defendant states that no response to this paragraph is required;

E. Defendant states that no response to this paragraph is required;

F. Defendant states that no response to this paragraph is required;

G. Defendant states that no response to this paragraph is required;

H. Defendant states that no response to this paragraph is required; and

I. Defendant states that no response to this paragraph is required.

## AFFIRMATIVE DEFENSES

1. Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

2. Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and by the law of the case.

3. Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4. Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

5. Defendant states that Plaintiff's claims are barred, in whole or in part, by considerations of equity.

## COUNTERCLAIM

6. Defendant and Counter-Plaintiff the Treasurer of Park County, Wyoming (the "**County**") files this Counterclaim against Plaintiff and, in support thereof, would respectfully show the Court as follows:

## FACTUAL BACKGROUND

**A.    THE CHAPTER 11 CASE**

7. The debtors in the underlying proceeding, including the Plaintiff (the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on February 1, 2017 (the "**Petition Date**").

8. On February 2, 2017, the Debtors filed an *Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Prepetition and Postpetition Taxes and Fees* [Docket No. 8] (the "**Taxes Motion**") requesting authority to pay certain taxes, including ad valorem and severance taxes, that arise or accrue in the ordinary course of their business. Later that same day, the Court entered a final order (the "**Taxes Order**") authorizing the payment of prepetition taxes as follows:

> Vanguard is authorized to remit and pay (or use tax credits to offset) the Taxes and Fees that accrued prior to the

> Petition Date and that will become payable during the pendency of these chapter 11 cases, and remit and pay (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law.

Docket No. 59, at 2-3.

9. In accordance with the Taxes Order, the Debtors continued to pay their ad valorem taxes.

10. The date for governmental units to file claims was July 31, 2017 (the "**Government Bar Date**").

11. Debtors filed their *Modified Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 1096] (the "**Plan**") on July 17, 2017. The Court confirmed the Plan the following day, and the Plan became effective on August 1, 2017 (the "**Effective Date**").

12. Article IV, Section E of the Plan provides that "on the Effective Date, all property in each Estate, all Causes of Action, and any property acquired by any of the Debtors pursuant to the Plan shall vest in each applicable Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances…on and after the Effective Date, each of the Reorganized Debtors may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Equity Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules." (emphasis added)

### B. WYOMING AD VALOREM TAXES

13. The procedures for the assessment, calculation, imposition, and collection of Wyoming severance and ad valorem taxes are set forth in chapters 13 and 14 of title 39 of the Wyoming Statutes. Generally speaking, severance taxes assessed on minerals severed from the ground are payable to the State of Wyoming approximately 60 days from the date of production. Ad valorem taxes on the same production are assessed, calculated, and billed approximately one year in arrears. Thus, for example, ad valorem taxes for the 2016 production year are invoiced in August 2017 and payable in late 2017 and early 2018; taxes for the 2017 production year are invoiced in August 2018 and payable in late 2018 and early 2019.

14. County ad valorem (gross products) taxes on mineral production, the sole tax at issue in this adversary proceeding, are initially assessed by the Wyoming Department of Revenue (DOR) and certified to the applicable county in late May or early June of each year. Wyoming is a self-reporting state, which means that Plaintiff, as taxpayer, self-reports the volumes and values of

production to the DOR on an annual basis. W.S. §§ 39-14-207(a); § 39-14-202(a)(ii). The DOR then processes the return submitted by the taxpayer and certifies those values to the applicable county for placement on its tax rolls. W.S. § 39-14-202(a)(iii). The same information is reported by the taxpayer to the state on a monthly basis for severance tax purposes. W.S. § 39-14-207(a)(v).

15. Based upon the information received from the taxpayer pursuant to W.S. § 39-14-207, the Wyoming DOR then values the crude oil, lease condensate, and natural gas produced in the preceding calendar year for tax purposes and certifies that value to the applicable county. W.S. § 39-14-202(a)(ii), (iii). The certification of taxable values to the counties typically occurs in late May or early June. The County Assessor then takes the DOR-certified values for production and places them on the county tax rolls. The County Treasurer is responsible for the collection of tax revenue in the county, including ad valorem taxes charged on the production of natural gas and other minerals in the county.

16. By statute, the Board of County Commissioners levies the requisite taxes for the year on or before the first Monday of August. W.S. § 39-13-107(b)(i)(A). On or before the third Monday of August, the county assessor then computes each taxpayer's tax obligation from the certified values. *Id.* Upon receiving the tax list from the county assessor, the county begins the process of collecting the taxes levied. *Id.* The county is required by statute to send a written statement to each taxpayer on or before October 10, W.S. § 39-13-107(b)(i)(C).

17. Once tax statements are issued, taxes are due in two equal installments. W.S. § 39-13-108(b)(i).

18. Plaintiff paid the first installment of the ad valorem taxes (the "**Tax Obligation**") owed to the County in November 2017 (the "**Tax Payment**") after the Effective Date.

19. On August 15, 2018, over a year after the Effective Date of the Plan, Plaintiff brought this suit against the County seeking to recover the Tax Payment.

## CAUSE OF ACTION

20. In the event the Plaintiff prevails on one or more of its claims such that the County is required to repay some or all of the Tax Payment, the County requests an allowed claim against Plaintiff's bankruptcy estate in an amount equal to the Tax Payment repaid (the "**Claim**"). The County further requests that such Claim be deemed timely filed in the underlying bankruptcy case in accordance with Rule 9006(b)(1) and the doctrine of excusable neglect.

21. The Court should permit filing of a Claim because the taxes were legitimately assessed, levied, noticed, and paid. The County did not file a proof of claim because it relied in good-faith on the Tax Order.

22.     Under Rule 9006(b)(1), courts have discretion to allow a party to file a tardy proof of claim "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).  Although not defined in the rule, the concept of excusable neglect was considered and expanded upon by the Supreme Court its *Pioneer* decision.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).  Allowing late-filed claims in appropriate circumstances advances Chapter 11's goal of "avoiding forfeiture by creditors." *Pioneer*, 507 U.S. at 389.

23.     The Supreme Court observed in *Pioneer* that the determination of whether a creditor's neglect is excusable is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.  These "guideposts," the Supreme Court concluded, include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether or not it was in control of the movant, and whether the movant acted in good faith." *Id.*; *see also In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995). The standard for finding excusable neglect is "a flexible one because it is rooted in equity." *Eagle Bus*, 62 F.3d at 739; *see also Pioneer*, 507 U.S. at 392 (observing that excusable neglect is a "somewhat 'elastic concept'").

24.     In this case, the Pioneer factors weigh in favor of finding excusable neglect and allowing the County to file a proof of claim in the event Plaintiff is successful in recovering the Tax Payment.

25.     Filing the Claim would not prejudice Plaintiff. Plaintiff at all relevant times was fully aware of the property tax obligations owed to the County. *See Eagle Bus*, 62. F.3d at 737-38 (finding it significant to the question of prejudice that the debtor was aware of the claims represented by the late filing prior to negotiating and confirming its plan of reorganization). Seeking leave from the Court in the Taxes Motion to pay property taxes that accrued prepetition and become payable postpetition demonstrates Plaintiff's awareness of its Tax Obligation.

26.     Allowing the County to file the Claim would not impact the administration of the underlying bankruptcy case. Delays of up to two years between the claims bar date and the filing of a proof of claim have been excused "so long as the delay does not have a significant impact on judicial proceedings." *Pilgrim's Pride*, 2011 WL 576070, at \*4 ("The critical consideration regarding this fourth factor is not the elapsed time of the delay, however, but rather the effect of that delay on the judicial administration of the case."). As Plaintiff has already paid the claim, allowing the County to file the Claim would not impact the administration of the case.

27.     Furthermore, this Court has already ruled that tardy claims filed by counties in this matter are allowed under some circumstances. *See Order Allowing the Late-Filed Claim No. 1046 of Sublette County, Wyoming as Timely Filed*

[Docket No. 1788]. Nothing differentiates this County from Sublette County, Wyoming in relation to allowing late-filed claims.

28.   The County has acted with good faith at all times. The County had every reason to believe Plaintiff intended to continue paying its taxes in the ordinary course of business notwithstanding the bankruptcy filing. Plaintiff's own conduct in requesting entry of the Taxes Order strongly suggests that it was unnecessary to file a proof of claim.

## **PRAYER**

Defendant prays that the Court enter judgment in favor of Defendant and grant such other and further relief, at law or in equity, to which Defendant may show itself to be justly entitled.

Dated: January 7, 2019.                   Respectfully submitted,

By: */s/ Keith M. Aurzada*
   Keith M. Aurzada
   State Bar No. 24009880
   Michael P. Cooley
   State Bar No. 24034388
   Lindsey L. Robin
   State Bar No. 24091422
   BRYAN CAVE LEIGHTON PAISNER LLP
   2200 Ross Avenue, Suite 3300
   Dallas, TX  75201
   T: 214.721.8000
   F: 214.721.8100
   keith.aurzada@bclplaw.com
   michael.cooley@bclplaw.com
   lindsey.robin@bclplaw.com

*Counsel for Park County Treasurer*

## **CERTIFICATE OF CONFERENCE**

I certify that on January 7, 2019, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic filing system.

James T. Grogan
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, TX 77002
T: 713.632.8652
F: 713.583.5864
jgrogan@blankrome.com

*Counsel for Plaintiff Vanguard Operating, LLC*

                                             */s/ Keith M. Aurzada*
                                                Keith M. Aurzada