IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*, | § § § § | Case No. 17-30560 |
| Reorganized Debtors. | § § § § | (Jointly Administered) |
| VANGUARD OPERATING, LLC, | § § § § § | |
| Plaintiff, v. | § § § § | Adversary Pro. No. 18-03249 |
| PARK COUNTY TREASURER, Wyoming | § § § § | |
| Defendant. | § § § § § | |

**ANSWER OF VANGUARD OPERATING, LLC,
TO PARK COUNTY TREASURER'S COUNTERCLAIM**

Vanguard Operating, LLC ("Plaintiff" or "Counter-Defendant"), files this answer ("Counter-Defendant's Answer") to the counterclaim (the "Counterclaim") asserted by Park County Treasurer, Wyoming ("Defendant" or "Counterclaimant"), in *Park County Treasurer's Original Answer and Counterclaim* [Docket No. 19] ("Defendant's Answer") to Plaintiff's *Complaint* [Docket No. 1] (the "Complaint"), and asserts affirmative defenses as follows.[1]

---

[1] References to "Docket No." refer to the docket in this adversary proceeding, Adv. Pro. No. 18-03249. References to "Main Case Docket No." refer to the docket in the case of Vanguard Natural Resources, LLC, Case No. 17-30560.

## COUNTERCLAIM

6.      Paragraph 6 of the Counterclaim does not make any factual allegations to which a response is required; to the extent a response is required, Counter-Defendant denies the allegations.[2]

## FACTUAL BACKGROUND

A.      **THE CHAPTER 11 CASE**

7.      Admitted.

8.      Admitted only that Vanguard Natural Resources, LLC ("VNR") and its affiliated debtors in these bankruptcy cases (collectively, the "Debtors") filed *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Prepetition and Postpetition Taxes and Fees* [Main Case Docket No. 8] and that the Court entered its *Final Order Authorizing Payment of Certain Prepetition and Postpetition Taxes and Fees* (the "Taxes Order") [Main Case Docket No. 59] on February 2, 2017. The remainder of the allegations set forth in paragraph 8 of the Counterclaim are denied as stated because the referenced documents are writings that speak for themselves.

9.      Admitted only that the Debtors made certain payments on account of ad valorem taxes after entry of the Taxes Order. The remainder of the allegations set forth in paragraph 9 are denied.

10.      Admitted.

11.      Admitted.

---

[2] Counterclaimant's Counterclaim begins at paragraph 6 because it follows uninterrupted from Counterclaimant's affirmative defenses to the claims asserted in Plaintiff's Complaint. Accordingly, Counter-Defendant's Answer to Counterclaimant's Counterclaim likewise begins at paragraph 6.

2

12. The allegations set forth in paragraph 12 of the Counterclaim are denied as stated because the referenced document is a writing that speaks for itself.

**B.     WYOMING AD VALOREM TAXES**

13. The allegations set forth in paragraph 13 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. The allegations set forth in paragraph 14 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

15. The allegations set forth in paragraph 15 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. The allegations set forth in paragraph 16 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. The allegations set forth in paragraph 17 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. Admitted only that Counter-Defendant made a payment to Counterclaimant for 2017 ad valorem taxes after August 1, 2017. The remainder of the allegations set forth in paragraph 18 are denied.

19. Admitted only that Counter-Defendant filed its Complaint against Counterclaimant on August 15, 2018. The remainder of the allegations set forth in paragraph 19 of the Counterclaim are denied as stated because the referenced documents are writings that speak for themselves.

## CAUSE OF ACTION

20. Paragraph 20 of the Counterclaim does not make any factual allegations to which a response is required; to the extent a response is required, Counter-Defendant denies the allegations.

21. Denied.

22. The allegations set forth in paragraph 22 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant denies the allegations.

23. The allegations set forth in paragraph 23 of the Counterclaim constitute legal conclusions to which no response is required; to the extent a response is required, Counter-Defendant denies the allegations.

24. Denied.

25. Denied.

26. Denied.

27. Admitted only that the Court entered an *Order Allowing the Late-Filed Claim No. 1046 of Sublette County, Wyoming, as Timely Filed* [Main Case Docket No. 1788]. The remainder of the allegations set forth in paragraph 27 are denied.

28. Denied.

**PRAYER**

This paragraph of the Counterclaim does not make any factual allegations to which a response is required; to the extent a response is required, Counter-Defendant denies the allegations.

**FIRST AFFIRMATIVE DEFENSE**

1. The Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Counterclaim is barred by the doctrines of waiver, laches, and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

3. The Counterclaim is barred because Counterclaimant's claim for the 2017 ad valorem taxes was discharged under 11 U.S.C. § 1141(d)(1)(A) and the terms of the *Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Main Case Docket No. 1096].

**FOURTH AFFIRMATIVE DEFENSE**

4. The Counterclaim is barred because Counterclaimant received actual notice of the bar date for proofs of claim filed by governmental units more than one year ago and therefore has no excusable neglect in failing to file a proof of claim for the 2017 ad valorem taxes.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Counterclaim is barred because the Taxes Order did not create a duty to pay the 2017 ad valorem taxes and Counterclaimant therefore has no excuse for neglecting to file the proof of claim for the taxes.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Counterclaim is barred because of the danger of prejudice to Counter-Defendant if an untimely proof of claim were permitted.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Counterclaim is barred because the delay in filing a proof of claim was within the control of the Counterclaimant.

WHEREFORE, having fully answered the Counterclaim, Counter-Defendant requests that the Court enter judgment in favor of Counter-Defendant and against Counterclaimant, award Counter-Defendant its reasonable legal fees and costs, and grant such further and other relief as is just and equitable.

Dated: January 28, 2019

**BLANK ROME LLP**

*/s/ James T. Grogan*
James T. Grogan, Esq. (Tex. Bar No. 24027354)
Blank Rome LLP
717 Texas Avenue
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605

Matthew E. Kaslow (*pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Attorneys for Vanguard Operating, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on January 28, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on Counterclaimant.

                                              */s/ James T. Grogan*
                                              James T. Grogan, Esq.