Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Brian C. Mitchell (SBN 24046452)
**REED SMITH LLP**
2850 N. Hardwood Street, Suite 1500
Dallas, Texas 75201
T:  469.680.4200
F:  469.680.4299
kaurzada@reedsmith.com
mpcooley@reedsmith.com
bmitchell@reedsmith.com

*Counsel for Defendants Campbell County Board of Commissioners, Carbon County Treasurer, Johnson County Treasurer, Park County Treasurer, Natrona County Treasurer, Sublette County Treasurer, and Sweetwater County Treasurer*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Vanguard Natural Resources, LLC, *et al.*, Reorganized Debtors. | § § § § § | Case No. 17-30560<br><br>Jointly Administered |
| Vanguard Operating, LLC, | § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| Sublette Co. Treasurer, Wyoming | § | Adv. No. 18-03244 |
| Natrona Co. Treasurer, Wyoming | § | Adv. No. 18-03245 |
| Board of Commissioners of Campbell Co., Wyoming | § § | Adv. No. 18-03246 |
| Johnson Co. Treasurer, Wyoming | § | Adv. No. 18-03247 |
| Carbon Co. Treasurer, Wyoming | § | Adv. No. 18-03248 |
| Park Co. Treasurer, Wyoming | § | Adv. No. 18-03249 |
| Sweetwater Co. Treasurer, Wyoming | § § | Adv. No. 18-03250 |
| Defendants. | § | |

**COUNTIES' EMERGENCY REQUEST FOR STATUS CONFERENCE**

The Defendants in the above-captioned adversary proceedings (together, the "**Counties**"), request an emergency status conference and respectfully state as follows:

1. As fact discovery draws to a close,[1] the Plaintiff Grizzly Operating, LLC f/k/a Vanguard Operating, LLC (the "**Plaintiff**") has persistently badgered the Counties for additional and amended discovery without ever acknowledging or correcting the insufficiencies in its own discovery. Although the Counties worked with the Plaintiff to provide amended responses to Plaintiff's discovery requests as a one-sided courtesy, Plaintiff has continued to make unreasonable demands and create self-inflicted time constraints that now compel the Counties to seek direction from this Court in an effort to avoid future motion practice, extensions of time, and/or unnecessary duplication of discovery.

2. The Plaintiff sought to limit discovery in these adversary proceedings in late summer of 2020. The Counties agreed to the Plaintiff's proposed limitations, and the Court approved the discovery stipulation on November 4, 2020 (the "**Stipulation**"). *See e.g.* Adv. No. 18-03244, Docket No. 45 and the Docket Entry dated 11/4/2021. Relevant to the instant disputes, the Stipulation limits depositions to three per party, and limits interrogatories to fifteen. The Counties dutifully complied with these limitations, serving no more than fifteen interrogatories on Plaintiff. Plaintiff exceeded both of these limits by unilaterally noticing 15 depositions (without ever conferring or requesting dates) and propounding more than 15 interrogatories to each County.

3. On March 4, 2021, Plaintiff propounded its first set of written discovery on the Counties. Each County responded to Plaintiff's requests for admissions and interrogatories on the deadline April 26, 2021 (the "**Original Responses**"). On May 8, 2021, Plaintiff informed the

---

[1] The Parties agreed to extend fact discovery through June 25, 2021. The Plaintiff provided a proposed form of stipulation to the Counties at 10:00 pm last night, June 3, 2021.

Counties that it believed the Original Responses to be insufficient. The Counties similarly saw deficiencies in Plaintiff's own discovery responses, as expressed in the Counties' letter dated May 14, 2021, and the parties agreed to a meet and confer call, which took place on May 17, 2021 (the "**May 17 Call**"). A main point of contention was whether the parties could incorporate other pleadings by reference (as both the Plaintiff and the Counties did in their responses).

4. Although the Counties stood by their original responses, the Counties nevertheless agreed to provide amended responses to address Plaintiff's concerns, including by "spelling out" what was previously incorporated from summary judgment pleadings despite Plaintiff's own insistence upon incorporating documents by reference in its own responses.

5. On May 20, 2021, Plaintiff's counsel followed up with a letter purportedly summarizing the May 17 Call. The letter contained numerous inaccuracies and mischaracterizations of the conference that left counsel to the Counties to question whether Plaintiff's counsel was approaching these discovery disputes in good faith. Nevertheless, the Counties complied with amending their discovery responses as agreed to on the May 17 Call. The Counties provided amended responses on May 28, 2021 (the "**Amended Responses**"), which included, in total, almost 100 pages of interrogatory answers.

6. Despite having the Amended Responses for almost a week, at 10:11 pm on June 3, 2021, Plaintiff provided an undated, unsigned letter demanding additional amended responses from each County in less than 24 hours. Therein, Plaintiff took issue with the Stipulation *that Plaintiff's own counsel had drafted* and refused to agree that those limitations applied. Plaintiff's counsel also ignored the prevailing case law of this District that an interrogatory that asks for the basis for several positions, such as each affirmative defense propounded by a party, is deemed to

contain discrete subparts for each position. *See Gulf Electroquip, Ltd. v. Lafarge North America, Inc.*, No. CIVIL ACTION H-05-0339, 2005 BL 77007 at *2 (S.D. Tex. Sept. 28, 2005).

7. The Counties believe their Original Responses and their Amended Responses comply with both the requirements of the Federal Rules of Civil Procedure and with the limitations imposed under the Stipulation. However, the matter has taken on a sense of misplaced urgency in light of Plaintiff's delay in raising these issues until shortly before depositions are to begin. Depositions for the Counties are set to begin on Monday morning of next week, and although Plaintiff could easily solve the problem by simply asking clarifying questions on the same topics addressed in the interrogatories to each of the Counties' designated corporate representatives, Plaintiff's late-breaking insistence on pressing this matter has now forced the issue to a head.

8. In addition, counsel for Plaintiff advised the Counties via a separate email at approximately 10:00 pm last night (June 3, 2021) that Plaintiff has objections to the deposition topics set forth for its corporate representative deposition scheduled for June 10, 2021. Plaintiff has not elaborated on the content of its objections, nor filed any motion for protective order. Although the Counties served the official deposition notice on June 2, 2021, Plaintiff has known of the deposition topics since May 21, 2021, identified their corporate representative, and provided dates for the deposition, all while remaining silent on the scope of the deposition topics. While the Counties do not believe that issue is yet ripe for the Court insofar as Plaintiff has not lodged any specific objection or filed a motion for protective order, the Counties note that this issue may soon require the Court's attention if Plaintiff continues its "lie in wait" approach to discovery.

9. The Counties ask that this Court schedule a status conference for today, June 4, 2021, to discuss the foregoing issues and perhaps clarify the parties' obligations.

In light of the foregoing, the Counties request a status conference at the earliest available opportunity regarding the foregoing matters.

Dated: **June 4, 2021**.                                    Respectfully submitted,

By: /s/ Brian C. Mitchell
    Keith M. Aurzada (SBN 24009880)
    Michael P. Cooley (SBN 24034388)
    Brian C. Mitchell (SBN 24046452)
    Jay L. Krystinik (SBN 24041279)
    Lindsey L. Robin (SBN 24091422)
    **REED SMITH LLP**
    2850 N. Harwood Street, Suite 1500
    Dallas, TX  75201
    T: 469.680.4200
    F: 469.680.4299
    kaurzada@reedsmith.com
    mpcooley@reedsmith.com
    bmitchell@reedsmith.com
    jkrystinik@reedsmith.com
    lrobin@reedsmith.com

*Counsel for Defendants Campbell County Board of Commissioners, Carbon County Treasurer, Johnson County Treasurer, Park County Treasurer, Natrona County Treasurer, Sublette County Treasurer, and Sweetwater County Treasurer*

## CERTIFICATE OF SERVICE

  The undersigned certifies that, on **June 4, 2021**, a true and correct copy of the foregoing document was served via the Court's electronic filing system and via email on counsel for the Plaintiff.

| | | |
|---|---|---|
| James Grogan | Bryant Lin | Avi Luft |
| Mack Wilson | **PAUL HASTINGS** | Zachary S. Zwillinger |
| **PAUL HASTINGS** | 515 South Flower Street | **PAUL HASTINGS** |
| 600 Travis Street, | Twenty-Fifth Floor | 200 Park Avenue, |
| Fifty-Eighth Floor | Los Angeles, CA 90071 | New York, NY 10166 |
| Houston, TX 77002 | T:  213.683.6105 | T:  212.318.6079 |
| T:  713.860.7338 | F:  213.996.3105 | F:  212.303.7079 |
| F:  713.353.2801 | bryantlin@paulhastings.com | aviluft@paulhastings.com |
| jamesgrogan@paulhastings.com | | zacharyzwillinger@paulhastings.com |
| mackwilson@paulhastings.com | | |

                 */s/  Brian C. Mitchell*
                   Brian C. Mitchell